## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

Fabienne Edourad, individually and on behalf of all others
similarly situated

Plaintiff,

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

**C.A. No.: 0:22-cv-60405**

-v.-

Unifin, Inc.,

Defendant(s).

Plaintiff Fabienne Edouard  (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through her attorneys, against Defendant Unifin Inc. (hereinafter "Defendant Unifin") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### **INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2.       Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.       The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.       Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.       Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.       Plaintiff is a resident of the State of Florida, County of Broward.

8.       Defendant Unifin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served process at c/o C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

9.      Upon information and belief, Defendant Unifin is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

    a.   all individuals with addresses in the State of Florida;

    b.   to whom Defendant Unifin sent a collection letter attempting to collect a consumer debt;

    c.   containing deceptive discounted offers;

    d.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.     The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.     Excluded from the Plaintiff Class are the Defendant and all officer, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached

as Exhibit A, violate 15 U.S.C. §§ l692e and/or 1692f.

15.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a.   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b.   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 USC §§ l692e and/or 1692f.

   c.   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d.   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the

class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above with the same force and effect as if the same were set forth at length herein.

20.     Some time prior to February 23, 2021, an obligation was allegedly incurred to

Capital One N.A.by the Plaintiff.

21.     The Capital One N.A. obligation arose out of transactions in which money, property, insurance or services which are the subject of the transactions were primarily for personal, family or household purposes, specifically a personal credit card used to purchase items for herself.

22.     The alleged Capital One N.A. obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23.     Capital One N.A. is a "creditor" as defined by 15 U.S.C. §1692a(4).

24.     Upon information and belief, LVNV Funding LLC eventually purchased the delinquent debt.

25.     Current creditor LVNV Funding LLC contracted with Defendant Unifin to collect this debt.

26.     Defendant Unifin collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – February 23, 2021 Collection Letter*

27.     On or about February 23, 2021, Defendant Unifin sent Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to Defendant LVNV Funding LLC. **See Exhibit A**.

28.     The collection letter provides that there is a total amount due of $633.46.

29.     The Letter continues and states:

| 1 Payment of $253.38 *towards a discounted offer* | 3 payments of $116.13 *towards a discounted offer* | 12 monthly payments *towards the balance in full* |
|---|---|---|

To take advantage of the discounted offer(s), please have payment (or first payment) in our office within 45 Days from February 23, 2021.

(emphasis added).

30. The Letter is deceptive in that it fails to clearly state an offer to Plaintiff as it states that the one-time payment and three separate payments would be applied "towards a discounted offer" without properly explaining what the offer is.

31. By including the "towards" language, it is unclear if Plaintiff's one time payment of $253.38 or three payments of $116.13 alone will be accepted to settle the account, or if, as stated, the same will simply be applied to a "discounted offer" of some other value.

32. The Letter is further deceptive because it implies that in exchange for remitting payment of only a portion of the balance the consumer will achieve some form of settlement, when in actuality, it is unclear what form of settlement the letter is offering.

33. The Letter is silent as to what action either Defendant Unifin or LVNV Funding LLC will do following the receipt of any such funds and further does not clarify what will occur with the rest of the balance, including whether the rest of the balance would be subject to collection by another collection company in the future.

34. The Letter deceives and misleads the consumer by implying that paying one of the proposed amounts would achieve results akin to a settlement offer, when in reality the Defendant's offer contains no significant benefits and is unclear to what the benefits of these payments would actually be.

35. Plaintiff was confused and misled by the offer, whether it was an actual settlement or not and as a result did not accept the offer.

36. Plaintiff incurred an injury as Defendant provided her with a deceptive settlement

offer, causing Plaintiff emotional distress due to the fear and confusion and causing Plaintiff to expend time and resources retaining an attorney to defend her consumer rights.

37.     Additionally, Defendant's offer is illogical. Why choose to pay the full balance when there is an offer to pay less than the full balance?

38.     The only answer would be that paying in full would receive some form of added benefit.

39.     Defendant's letter does not make any mention of any benefit or incentive to pay the full balance rather than the discounted amounts.

40.     Therefore, the consumer is left confused and misled which option to choose; on the one hand the discounted amount saves him money but on the other hand, the full payment option must have some benefit or else it would not even be a consideration.

41.     Yet Defendant's letter mentions no benefit whatsoever of paying the full balance, making the letter illogical and leaving the consumer wondering if there is a "catch" or if this is a real offer.

42.     Defendant's letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

43.     Plaintiff incurred an informational injury because the Defendant deceptively makes an offer without properly qualifying and explaining the offer.

44.     Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

45.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

46.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused

Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

47.     Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this alleged debt.

48.     Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

49.     But for Defendant's violation of the FDCPA, and the resulting confusion therefrom, Plaintiff would have chosen a different course of action in an attempt to resolve the alleged debt.

50.     As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## <u>COUNT I</u>
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

51.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above with the same force and effect as if the same were set forth at length herein.

52.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

53.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

54.     Defendant violated said section by:

a. As the Letter which is open to more than one reasonable interpretation, at least one of which is accurate.

b. Making a false and misleading representation in violation of but not limited to §1692e (10).

c. As the letter fails to advise Plaintiff that remitting payment under any of the offers provided would serve to restart the statute of limitations for the underlying debt.

55.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

<u>**COUNT II**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f**
***et seq.***

56.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

57.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

58.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

59.     Defendant violated this section by omitting material information that gave Plaintiff a false understanding of the offers in the Letter.

60.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

61.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Fabienne Edouard, individually and on behalf of all others similarly situated, demands judgment from Defendant Unifin as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, Justin Zeig, Esq., as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 23, 2022                    Respectfully Submitted,

**ZEIG LAW FIRM, LLC**
*/s/ Justin Zeig*
Justin Zeig, Esq.
FL Bar No. 112306
3475 Sheridan Street, Suite 310
Hollywood, FL 33021
Telephone: 754-217-3084
Fax: 954-272-7807
justin@zeiglawfirm.com
*Attorneys for Plaintiff*